THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| LOTUS LIFESTYLE, LLC, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 2:18-cv-00922-RSM |
| | ) | |
| v. | ) | **STIPULATED MOTION FOR ENTRY** |
| | ) | **OF PROTECTIVE ORDER** |
| ROBERT BURGESS and | ) | |
| BEVERAGE SPECIALISTS, INC., | ) | **AND** |
| | ) | |
| Defendants. | ) | **PROTECTIVE ORDER** |

Come now, the Parties, and ask that the Court enter this Proposed Protective Order, which contains additions to the model protective order provided by the Court. Namely, the instant Protective Order contains additional provisions regarding (1) the application of the order to non-parties; (2) the rights of Parties to review the witness acknowledgments, a blank copy of which is attached hereto as Exhibit A; (3) access to and use of materials designated "Attorneys' Eyes Only"; (4) a provisional period under which deposition testimony will be automatically be considered confidential, and details for retaining any designation past the provisional period; (5) a detailed procedure for abiding by claw-back requests; (6) further details regarding the retention of confidential information after the termination of this suit; and (7) general clarifications regarding definitions and the scope of the Order.

The Parties agree that these additions are necessary modifications to protect the transmission of sensitive and proprietary information in this case, between business owners

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

who once shared business information and now compete in the same industry. The Parties anticipate the need to designate a number of documents as "Attorneys' Eyes Only" given the relationship of the Parties and, thus, require a robust understanding of the protection such a designation affords. The Parties, additionally, anticipate the potential for significant non-party discovery, and thus require a stand-alone provision regarding the same.

The additions made to the model protective order merely provide a more detailed understanding of the protections typically afforded, rather than materially modifying the Court's model order. Thus, the Parties are in agreement regarding the terms of this Order and believe their modifications justified given the needs of the case. The Parties therefore respectfully request that the Court enter this Protective Order, which is unique to this case and would not affect the need for modification to the Model Protective Order for other cases.

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with the applicable federal and local rules.

2. CATEGORIES OF PROTECTED INFORMATION

The parties anticipate production of the following categories of protected information:

    a. Formulas/recipes and other technical data related to the formulation and production of the energy drinks at issue in this litigation (including Lotus

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

and Starburst products) as well as documents related to the development thereof;

  b. Financial information related to the sale and distribution of the energy drinks at issue in this litigation, including sales figures and profit/loss statements;

  c. Information regarding confidential contracts with third-parties, including information from third-parties that third-parties have deemed confidential;

  d. Financial data, including pricing structures, records pertaining to costs of labor, materials, and direct and indirect business costs;

  e. Strategic or long-term planning;

  f. Customer and prospective customer lists; and

  g. Communications reflecting any of the preceding categories.

3. <u>SCOPE</u>

This Protective Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Order. The "Designating Party" means the party or non-party who so designates the protected information; the "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Regardless of any designation made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried, in writing and in good faith, to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order.

The protections conferred by this agreement cover not only the protected information (as defined above), but also (1) any information copied or extracted from the protected information; (2) all copies, excerpts, summaries, or compilations of confidential material; and

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

(3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. APPLICATION TO NON-PARTIES & WITNESS ACKNOWLEDGMENTS

    4.1 <u>Non-Party Production</u>. Before a non-party is given copies of designated information, as permitted hereunder, it must first sign the acknowledgment to be bound to these terms, attached hereto as Exhibit A. If it fails to do so, the parties to this action must resolve any such dispute before disclosing the designated information, as permitted hereunder, to the non-party. If a non-party wishes to make designations hereunder, it must first sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A)<u>.</u>

    4.2 <u>Review of Witness Acknowledgments</u>. At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of <u>Exhibit A</u> in any Receiving Party's possession. The Receiving Party must, within <u>3 business days</u> of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

5. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

5.1     Basic Principles.  A Receiving Party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a Receiving Party at a location, and in a secure manner, that ensures that access to the confidential materials is limited to the persons authorized under this agreement.

5.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose confidential material only to:

(a)     the Receiving Party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     experts, consultants and insurance carriers to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone, except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.3 Disclosure of "ATTORNEYS' EYES ONLY" ("AEO") Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose attorneys' eyes only material only to:

(a) the Court, its personnel, and court reporters;

(b) counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

(c) Experts, consultants and insurance carriers who need such information to assist in this litigation, so long as each such expert, consultant or insurance carrier has executed Exhibit A attached hereto;

(d) Corporate representatives of a Designating Party, but only to the extent that the documents reviewed are marked AEO by Designating Party employing the corporate representative (in other words, corporate representatives of Defendants cannot review documents marked AEO by Plaintiffs, and corporate representatives of Plaintiffs cannot review documents marked AEO by Defendants);

(e) Individuals who authored or previously received in the ordinary course of business the information designated as "ATTORNEYS EYES ONLY"; and

(f) Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order, so long as each other witness or person has signed and acknowledged to be bound to these terms that is attached hereto as Exhibit A, or has satisfied any other conditions of the Designating Party's consent or applicable court order.

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Failure by the Designating Party to object to access to protected information by an outside expert or consultant upon designation thereof shall not preclude the Designating Party from later objecting to continued access by that outside expert or consultant where facts suggesting a reasonable basis for objections are later learned.

5.4  Filing Confidential Material.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the Designating Party to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

6.  DESIGNATING PROTECTED MATERIAL

6.1  Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER AND PROTECTIVE ORDER - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.,* paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential or attorneys' eyes only material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portions(s) (*e.g.,* by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of <u>30 days</u> after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts. If a party or

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

non-party desires to protect confidential information at trial, the issue should be addressed during the pretrial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>.

(a) <u>Basic Principles.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation (i.e. the "claw-back notification"), the Receiving Party must make reasonable efforts, as described in section 6.3(b) below, to ensure that the material is treated in accordance with the provisions of this agreement. The Receiving Party may then request substitute production of the newly-designated information.

(b) <u>Claw-Back Requirements</u>. Within <u>30 days</u> of receiving the claw-back notification, the Receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

7. <u>CHALLENGING CONFIDENTIAL AND AEO DESIGNATIONS</u>

7.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidential or AEO at any time. Unless a prompt challenge to a Designating Party's

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      7.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential or AEO designations without court involvement. Any motion regarding confidential or AEO designations, or for a protective order, must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      7.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential or AEO unless and until the Court rules otherwise.

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

    (a)    promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify, in writing, the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose confidential or AEO material may be affected.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed confidential or AEO material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify, in writing, the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER AND PROTECTIVE ORDER - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

subject to the claimed protection. When a producing party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d), as set forth herein. The parties must meet and confer to informally resolve any related dispute before seeking Court intervention.

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each Receiving Party must return all confidential and AEO material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction and, within 60 days after the termination of this action, the Receiving Party must certify to each Designating Party that all designated information hereunder has been destroyed by all parties and witnesses for whom that party is responsible.

Notwithstanding this provision, counsel of record are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such material contain confidential or AEO material. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 14, 2018

*s/Tiffany Connors*
LANE POWELL PC
Tiffany Scott Connors, WSBA # 41740
Pilar C. French, WSBA # 33300
Attorneys for Plaintiff

DATED: September 14, 2018

*s/Cristina A. Costa*
TAFT STETTINIUS & HOLLISTER LLP
Cristina A. Costa, Pro Hac Vice
Jonathan G. Polak, Pro Hac Vice
Attorneys for Plaintiff

DATED: September 14, 2018

*s/Marnie Silver*
CLEMENT & DROTZ, PLLC
W. Scott Clement, WSBA # 16243
Marnie H. Silver, WSBA # 34002
Attorneys for Defendant/Counterclaimant

DATED: September 14, 2018

*s/Frank Siderius*
SIDERIUS LONERGAN & MARTIN LLP
Frank Siderius, WSBA # 7759
Attorneys for Defendant/Counterclaimant

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

PURSUANT TO THE FOREGOING STIPULATION, IT IS SO ORDERED.

DATED: September 18, 2018

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

| CLEMENT & DROTZ, PLLC | LANE POWELL PC |
|---|---|
| By: *s/Marnie Silver* <br> W. Scott Clement, WSBA # 16243 <br> Marnie H. Silver, WSBA # 34002 <br> Attorneys for Defendants / Counterclaimants Robert Burgess and Beverage Specialists, Inc. | By: *s/Tiffany Connors* <br> Tiffany Scott Connors, WSBA # 41740 <br> Pilar C. French, WSBA # 33300 <br> Attorneys for Plaintiff Lotus Lifestyle, LLC |
| SIDERIUS LONERGAN & MARTIN LLP | TAFT STETTINIUS & HOLLISTER LLP |
| By: *s/Frank Siderius* <br> Frank Siderius, WSBA # 7759 <br> Attorney for Defendants / Counterclaimants Robert Burgess and Beverage Specialists, Inc. | By: *s/Cristina A. Costa* <br> Cristina A. Costa, Pro Hac Vice <br> Jonathan G. Polak, Pro Hac Vice <br> Attorneys for Plaintiff Lotus Lifestyle, LLC |

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER AND PROTECTIVE ORDER - 14

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOTUS LIFESTYLE, LLC, | CASE NO. 2:18-cv-922 |
| Plaintiff, | ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |
| vs. | |
| ROBERT BURGESS, and BEVERAGE SPECIALISTS, INC., | |
| Defendants. | |

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of Lotus Lifestyle, LLC v. Robert Burgess and Beverage Specialists, Inc. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 15

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED MOTION FOR ENTRY OF PROTECTIVE ORDER
AND PROTECTIVE ORDER - 16

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107